TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00570-CV







John King, Appellant



v.



Texas Department of Human Services by and through its


Commissioner, Eric Bost, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 97-0352, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 After losing a promotion to another job candidate, appellant, John King, sued his
employer, the Texas Department of Human Services (the Department), claiming racial
discrimination--in violation of both constitutional and statutory provisions--and denial of a statutory
veteran's hiring preference. See Tex. Const. art. 1, § 3a; Tex. Civ. Prac. & Rem. Code Ann.
§§ 106.001-.002 (West 1997 & Supp. 2000); Tex. Gov't Code Ann. §§ 657.001-.006 (West
1994). In an amended petition, King's constitutional racial discrimination claim was replaced by
a second statutory discrimination claim, which was dismissed on a plea to the jurisdiction for lack
of subject matter jurisdiction; his veteran's preference claim was eliminated on a no-evidence
summary judgment granted in favor of the Department; and his first statutory racial discrimination
claim was severed from the original action. King appeals both the dismissal and the summary
judgment. We will reverse the dismissal of the second statutory racial discrimination claim and
remand that portion of the cause to the trial court. As to the Veteran's Employment Preference
claim, we will dismiss a portion of that claim for lack of jurisdiction and reverse the grant of
summary judgment as to the remainder of that claim.


FACTUAL AND PROCEDURAL BACKGROUND


 King, a Vietnam veteran of white and Native American ancestry, was hired by the
Department in July 1994 as an Assistant General Counsel. In December 1995, the position of
Supervising Attorney of the contracts section of the General Counsel's office became vacant. 
King applied for the position and was one of two finalists. The position was ultimately given to
the other finalist, Kenneth Owens, a former Department employee of African American ancestry.

 King's original petition asserted constitutional and statutory racial discrimination
claims and a Veteran's Employment Preference claim. See Tex. Const. art. 1, § 3a (Equal Rights
Amendment); Tex. Civ. Prac. & Rem. Code Ann. §§ 106.001-.002 (Discrimination Because of
Race, Religion, Color, Sex, or National Origin) (the "chapter 106 claim"); Tex. Gov't Code Ann.
§§ 657.001-.006 (Veteran's Employment Preferences). The Department filed a plea to the
jurisdiction and special exceptions. In response, King filed an amended petition, dropping his
constitutional racial discrimination claim and instead claiming relief under the Texas Commission
on Human Rights Act (TCHRA), Tex. Labor Code Ann. § 21.051 (West 1996) (Discrimination
by Employer). He also reasserted his chapter 106 claim and his Veteran's Employment
Preference claim.

 The chapter 106 claim was severed from the action and is not before this Court. 
Regarding the other statutory discrimination claim, the trial court held that the amended petition
in which King first invoked his TCHRA cause of action was filed more than sixty days after King
received notice of his right to file a civil action from the Texas Human Rights Commission and,
therefore, that he had failed to meet a jurisdictional filing deadline of the TCHRA. Accordingly,
the trial court dismissed that cause of action. See Labor Code § 21.254. As to the Veteran's
Employment Preference claim, the trial court granted a no-evidence summary judgment in favor
of the Department. See Tex. R. Civ. P. 166(a)(i).


DISCUSSION


 King brings two issues on appeal, arguing first that the trial court wrongfully
dismissed his TCHRA claim for lack of jurisdiction because his original petition, which was
timely filed, pleaded facts that support a cause of action under the TCHRA. Second, he argues
that summary judgment was wrongfully granted on his Veteran's Employment Preference claim
because (1) governmental immunity does not apply to unlawful acts by employees of a state, and
(2) there were material fact issues precluding summary judgment.


TCHRA Claim

 In his first issue on appeal, King argues that the trial court erred in granting the
Department's plea to the jurisdiction and dismissing his TCHRA claim. To bring an action under
the TCHRA, the complainant must first exhaust his administrative remedies. If the Commission
fails to resolve the complaint, the complainant must request in writing permission from the
Commission to file a civil action. See Labor Code § 21.252. Once permission to sue has been
received, the complaining employee must file suit within sixty days. See id. § 21.254. King's
original petition, which did not specifically mention the TCHRA, was filed fifty-nine days after
he received a right-to-sue letter from the Commission. The amended petition, which included
specific reference to the Act, was not filed until 291 days after receipt of the right-to-sue letter.
The Department argues that King's original pleading did not constitute a complaint under TCHRA
because it did not expressly identify the TCHRA as the statutory basis for the suit.

 King counters that because his original petition was filed within the statutory time
limit and alleged facts sufficient to support a claim under the TCHRA, the jurisdictional
prerequisites of the statute were met. King argues in the alternative that the amended complaint,
which specifically mentions the TCHRA and was based on the same factual circumstances as the
original complaint, should "relate back" to the date the original complaint was filed to meet the
statutory deadline. We agree that the facts alleged in King's original petition were sufficient to
state a claim under the TCHRA and therefore do not reach his alternative argument.

 The doctrine of sovereign immunity bars suits against the state unless the state has
expressly given its consent to be sued. See, e.g., Missouri Pac. R.R. Co. v. Brownsville
Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970). Such waiver may be expressed in a statute;
in that case, courts have held the statutory provisions mandatory and exclusive in order to confer
subject matter jurisdiction on the court. See Schroeder v. Texas Iron Works, Inc., 813 S.W.2d
483, 488 (Tex. 1991); Curbo v. State, 998 S.W.2d 337, 340-41 (Tex. App.--Austin 1999, no pet.). 
The TCHRA, which prohibits unlawful employment discrimination, contains such a waiver by
including state agencies in the Act's definition of "employer." See Labor Code § 21.002(8)(D)
(West Supp. 2000).

 King relies on the recent Texas Supreme Court decision in Dubai Petroleum Co.
v. Kazi, 12 S.W.3d 71 (Tex. 2000), to assert that statutory prerequisites are not jurisdictional but
better understood as determining a party's right to relief. See id. at 76-77. (1) The Department
argues that Dubai must be narrowly construed to apply only to private litigants and not where the
statutory cause of action is the basis for a waiver of sovereign immunity. Therefore, the
Department argues, TCHRA time limitations are mandatory and jurisdictional, and by waiting
until well after the sixty-day time limit to invoke the TCHRA in his complaint, King's pleadings
were insufficient to confer jurisdiction on the trial court to hear that claim. See Schroeder, 813
S.W.2d at 488. But see Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 639 (Tex. 1999)
(plaintiff's pleadings must state claim under Texas Tort Claims Act in order to confer jurisdiction
on court). We will assume without deciding that the time limitations of the TCHRA are
jurisdictional. With this assumption, the trial court had jurisdiction to hear the case only if King
adequately pleaded his TCHRA claim within the sixty-day time limit.

 The jurisdiction of a trial court over the subject matter of a case is determined from
the good-faith factual allegations contained in the plaintiff's pleadings. See Brannon v. Pacific
Employers Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949); Jud v. City of San Antonio, 184 S.W.2d
821, 822-23 (Tex. 1945). The Department argues that King's original petition, which was filed
fifty-nine days after receipt of the right-to-sue letter, does not constitute filing a "civil action"
within the meaning of section 21.254 because it fails to specifically name the TCHRA. King
counters that his original petition satisfies the requirements because it alleges facts sufficient to
support a claim under the TCHRA and thus meets the requirements of section 21.254. We agree
with King that the original complaint pleaded sufficient facts to constitute a suit under the TCHRA
and therefore met the statutory requirements necessary to confer jurisdiction on the trial court.

 With regard to the statutory requirements of the TCHRA, appellees are conflating
two related but distinct issues. The first issue is whether King timely pleaded facts to state a cause
of action under TCHRA; the second is whether King properly pleaded jurisdictional facts. Section
21.254 of the TCHRA addresses only the former issue, not the latter. It states: "Within 60 days
after the date a notice of the right to file a civil action is received, the complainant may bring a
civil action against the respondent." Labor Code § 21.254. While this statute establishes a time
limit for filing a civil action, it does not set a time limit for pleading appropriate jurisdictional
facts. In this instance, the only jurisdictional question is whether the statutory pleading
requirements were met.

 In undertaking this review, we are mindful that we are reviewing the pleadings for
incurable pleading defects; we are not reviewing the sufficiency of the evidence to support the
merits of the cause of action alleged by King against the Department. Further, we note that in
Texas, there are no heightened pleading requirements for immunity cases. See Harrison v. Texas
Dep't of Criminal Justice, 915 S.W.2d 882, 887-88 (Tex. App.--Houston [1st Dist.] 1995, no
writ). In state court, the purpose of pleadings is to fairly notify the other party of the basis of the
pleader's claims. See Tex. R. Civ. P. 45, 47. Generally, a petition is sufficient to confer
jurisdiction on the court to hear a matter if it gives fair notice of acts upon which the pleader bases
his claims so that the opposing party may adequately prepare a defense. See Garvey v. Vawter,
795 S.W.2d 741, 742 (Tex. 1990); Tiller v. Martinez, 974 S.W.2d 769, 773 (Tex. App.--San
Antonio 1998, pet. dism'd w.o.j.); Hernandez v. Texas Workers' Compensation Ins. Fund, 946
S.W.2d 904, 906 (Tex. App.--Eastland 1997, no writ). A petition is sufficient if the cause of action
may be reasonably inferred from what is specifically stated. See Crockett v. Bell, 909 S.W.2d
70, 72 (Tex. App.--Houston [14th Dist.] 1995, no writ).

 Under the TCHRA, an employer commits an unlawful employment practice if:


because of race, color, disability, religion, sex, national origin, or age the
employer: 


(1) fails or refuses to hire an individual, discharges an individual, or discriminates
in any other manner against an individual in connection with compensation or
the terms, conditions, or privileges of employment; or 


(2) limits, segregates, or classifies an employee or applicant for employment in
a manner that would deprive or tend to deprive an individual of any
employment opportunity or adversely affect in any other manner the status of
an employee.



Labor Code § 21.051. The facts alleged in King's original petition to support his now-abandoned
constitutional racial discrimination claim were substantially identical to those asserted in his
amended petition to support his TCHRA claim. He alleged that he applied and interviewed to fill
a vacant position of supervising attorney at the Department, a position that receives significantly
more pay than King's current position as Assistant General Counsel. He also alleged that the
person who was subsequently hired for that position is significantly less qualified than King, that
he was hired because of his race (African American), and that King was denied the promotion
because of his race (Native American). These facts, if true, would constitute discrimination based
on race "in connection with the compensation . . . of employment," and are clearly within the
scope of the cause of action created under the TCHRA. We hold that, under these circumstances,
mere failure to reference a specific statute did not render the pleadings ineffective.

 In summary, we hold that King brought a civil action within sixty days of receiving
the right-to-sue letter and that King's original petition alleged facts sufficient to support a claim
under the TCHRA. Therefore, the statutory filing deadline was met. Accordingly, we sustain
King's first issue.


Veteran's Employment Preference Act Claim

 In King's second issue on appeal, he complains that the court erred in granting the
Department's motion for no-evidence summary judgment on his Veteran's Employment Preference
claim. See Tex. Gov't Code Ann. § 657.005. King's original petition requested that the
Department be ordered to promote him to supervising attorney, assign him duties and
responsibilities equal to other supervising attorneys, and award him the pay and benefits of a
supervising attorney retroactively effective February 1, 1996. Additionally, King requested an
award of attorney's fees and costs. See Tex. Civ. Prac. & Rem. Code §§ 37.001, 106.002(b)
(West 1999). King's amended petition included the same requests for relief and, in addition,
requested that the court vacate the award of the position to the other candidate. On March 9,
1998, the trial court denied the Department's plea to the jurisdiction as to injunctive relief sought
by King, but granted the plea as to all other forms of relief. (2) On November 12, 1998, the trial
court granted the Department's request for summary judgment on the remaining claim for
injunctive relief under the Veteran's Employment Preference statute. It is this last order that is
the subject of this appeal.

 With respect to the Veteran's Employment Preference claim, the Department
asserted in its motion that King adduced no evidence to overcome the affirmative defense of
sovereign immunity and no evidence to support his claim that the Department had violated the
Veteran's Employment Preference Act. (3) The defense of sovereign immunity is a question of
subject matter jurisdiction and as such is a legal question to be reviewed de novo on appeal. See
Michael v. Travis County Hous. Auth., 995 S.W.2d 909, 912 (Tex. App.--Austin 1999, no pet.). 
The other ruling, that plaintiff has adduced no evidence to create a genuine issue of material fact,
is reviewed under the standard of review for a no-evidence summary judgment.

 Taking the jurisdictional question first, we will review whether sovereign immunity
prevents King from bringing an action against the Department under the Veteran's Employment
Preference Act. The appellees argue that as an agency of the state, the Department is immune
from suit and liability unless the legislature waives immunity. King argues to the contrary, that
unlawful acts are not considered acts of the state under the doctrine of sovereign immunity. See
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 404 (Tex. 1997); Cobb v. Harrington, 190
S.W.2d 709, 712 (Tex. 1945).

 We agree with appellant that unlawful acts by officials are not acts of the state and
therefore not immune from suit. See Cobb, 190 S.W.2d at 712. "A private litigant does not need
legislative permission to sue the State for a state official's violations of state law." Federal Sign, 
951 S.W.2d at 404. Nonetheless, finding no sovereign immunity from suit in this narrow
circumstance does not eliminate the state's immunity from liability. See id. at 405-06. In Cobb,
the plaintiffs sought declaratory judgment against the Deputy State Comptroller that they were not
legally liable to pay occupation tax on motor carriers. See Cobb, 190 S.W.2d at 710. The
supreme court held that insofar as plaintiffs were merely seeking a declaration that the defendant
was acting unlawfully, the action could be maintained. See id. at 712.

 Even though suits against officials acting unlawfully may be brought, plaintiffs still
may not seek monetary damages. See Federal Sign, 951 S.W.2d at 405-06. Additionally, they
may not seek to control the official acting within the scope of his legal authority. See Harrison
v. Bunnell, 420 S.W.2d 777, 779 (Tex. Civ. App.--Austin 1967, no writ). In the present case,
only King's requested injunctive relief--seeking to vacate the Department's award of the
supervising attorney position to the other candidate and award the position to him--survived the
February 5, 1999 order on the Department's plea to the jurisdiction. However, his request to
order the Department to place him in the position of supervising attorney with concomitant duties,
responsibilities, and pay falls into the category of "controlling an official within his legal authority
to act" and is barred by the sovereign immunity doctrine. See id. at 779. The trial court would
have jurisdiction only to declare the hiring process invalid and set aside the agency's decision. 
Thus, only King's specific request for relief vacating the award is not barred by sovereign
immunity.

 Because the trial court had jurisdiction to grant at least some of the relief sought
in King's Veteran's Employment Preference claim, we must therefore determine whether the trial
court erred in granting the Department's motion for a no-evidence summary judgment as to that
claim. A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have the burden of
proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119 (1998). If the evidence supporting
a finding rises to a level that would entitle reasonable, fair-minded persons to differ in their
conclusions, then more than a scintilla of evidence exists. See Havner, 953 S.W.2d at 711. Less
than a scintilla of evidence exists when the evidence is "so weak as to do no more than create
mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. See Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

 Under the Veteran's Employment Preference Act, a qualified individual "is entitled
to a preference in employment with or appointment to a public entity or for a public work of this
state over other applicants for the same position who do not have a greater qualification." Tex.
Gov't Code Ann. § 657.003 (West 1994). King asserts that the summary judgment evidence
raised at least two questions of material fact: (1) whether he was as qualified as the other
applicant; and (2) whether his status as a veteran was considered in the hiring process. The
Department contends the summary judgment evidence adduced by King does not raise genuine
issues of material fact because its own evidence conclusively proves that King was less qualified
and that King's own self-serving testimony is insufficient to defeat summary judgment.

 The summary judgment evidence includes depositions of King; Glen Scott, the
attorney in charge of the hiring decision; and Paul Leche, who participated in the interviewing. 
Additionally, the record includes the official job posting, containing a description of the duties and
responsibilities of the supervising attorney and required qualifications; the employment selection
documentation on finalists, including analysis of each applicant's experience in the areas being
considered; and the resume of Kenneth Owens, the individual ultimately selected over King for
the supervising attorney position. The employment selection documentation is a record of the
interviews of the five applicants. According to the affidavit of Scott, the applicants were each
asked the same questions in each of four subject areas. The notes from these interviews were
transcribed into the documentation. The Department contends that the statement at the end of the
documentation made by Scott--that Owens was the most qualified applicant--is conclusive. We
disagree that the statement constitutes conclusive proof. Scott wrote his conclusion after he had
already made the decision to hire Owens; the statement alone does not constitute conclusive proof
that Owens was the more qualified applicant. It is apparent from the evidence that the hiring
decision was subjective and that the two finalists were similarly qualified. Reasonable minds
could therefore find either applicant more qualified or each equally qualified.

 The summary judgment evidence is sufficient to raise a genuine issue of material
fact regarding the applicants' relative qualifications. King's deposition goes into great detail
describing how he has specific job experience and performance superior to that of Owens. Scott's
deposition says the opposite. King's burden here is low; he must only produce more than a
scintilla of evidence that he is equally qualified. See Havner, 953 S.W.2d at 711. Besides King's
own testimony, there is additional evidence that amounts to more than a scintilla supporting King's
claim that he was at least as qualified as the other candidate. The evidence shows that Owens is
board certified in administrative law and has participated in more hearings than King. On the
other hand, King has much broader experience as a hearings officer. While King has supervisory
experience as the managing partner of a law firm and a rating officer in the Naval reserves,
Owens has supervised up to seven legal secretaries. Whether one or the other is more qualified
for the job is a highly subjective question. The experience of each candidate is so diverse as to
defy direct comparison. The documents do not provide any quantitative guidance as to how to
weigh different types of experience or skill. (4) In addition to the resumes and interviews, Scott had
worked with both of the applicants and took that experience into consideration when making his
decision. There is no evidence in the record of the role his personal experience played in his
hiring decision. In sum, while the evidence itself is not conclusive, it at least raises a fact
question on the issue of the candidates' qualifications. Accordingly, we sustain the portion of
King's second issue complaining of the trial court's summary judgment on his request for
injunctive relief seeking to have the previous hiring process declared invalid.


CONCLUSION


 Because King met the statutory pleading requirements to maintain his THRCA
claim, jurisdiction of that claim was proper in the trial court. Accordingly, we hold that the trial
court erred in dismissing the claim, and we remand that portion of the cause to the trial court. 
With respect to King's Veteran's Employment Preference claim, we hold that the trial court lacked
jurisdiction over that claim except as to King's request for injunctive or declaratory relief
concerning the validity of the hiring process by which Owens was selected over King, and we
dismiss all except that portion of the cause for lack of jurisdiction. As to the portion of King's
Veteran's Employment Preference claim over which the trial court did have jurisdiction, we hold
that summary judgment was erroneously granted because King adduced sufficient evidence to
overcome the Department's no-evidence motion for summary judgment. The trial court's
judgment regarding King's Veteran's Employment Preference claim is reversed, and the portion

of that claim over which the trial court had jurisdiction is remanded to the trial court for further
proceedings.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel, and Patterson

Reversed and Remanded in Part; Dismissed in Part

Filed: May 31, 2000

Do Not Publish Released for publication September 12, 2000. Tex. R. App. P. 47.3(c).

1. In Dubai, plaintiffs were foreign citizens seeking to invoke the subject matter jurisdiction
of the court under Texas Civil Practice and Remedies Code section 71.031, which allows foreign
citizens to bring a suit in Texas courts if they are from a country with equal treaty rights with the
United States. See Dubai, 12 S.W.3d at 73-74. The court in Dubai found that the requirements
under the "equal treaty rights" provision were not jurisdictional, expressly overruling Mingus v.
Wadley, 285 S.W. 1084 (Tex. 1926). See id. at 76-77.
2. King sought an order vacating the hiring decision and awarding the position to him. 
Both forms of relief may be characterized as injunctive.
3. Although the trial court denied the Department's pleas to the jurisdiction on sovereign
immunity grounds as to the Veteran's Employment Preference claim, subject matter jurisdiction
may always be raised on appeal and thus will be considered. See Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).
4. Owens described various time allocations for certain skills that the supervising attorney
would use in that position. For example, Owens estimated 10% of the supervising attorney's time
would be dedicated to giving advice concerning administrative hearings and that 50% of the time
would be spent providing technical legal guidance and advice. Whether these time requirements
also provided guidelines for the relative importance of each applicant's qualifications in these
different skill areas is not clear.


h candidate is so diverse as to
defy direct comparison. The documents do not provide any quantitative guidance as to how to
weigh different types of experience or skill. (4) In addition to the resumes and interviews, Scott had
worked with both of the applicants and took that experience into consideration when making his
decision. There is no evidence in the record of the role his personal experience played in his
hiring decision. In sum, while the evidence itself is not conclusive, it at least raises a fact
question on the issue of the candidates' qualifications. Accordingly, we sustain the portion of
King's second issue complaining of the trial court's summary judgment on his request for
injunctive relief seeking to have the previous hiring process declared invalid.


CONCLUSION


 Because King met the statutory pleading requirements to maintain his THRCA
claim, jurisdiction of that claim was proper in the trial court. Accordingly, we hold that the trial
court erred in dismissing the claim, and we remand that portion of the cause to the trial court. 
With respect to King's Veteran's Employment Preference claim, we hold that the trial court lacked
jurisdiction over that claim except as to King's request for injunctive or declaratory relief
concerning the validity of the hiring process by which Owens was selected over King, and we
dismiss all except that portion of the cause for lack of jurisdiction. As to the portion of King's
Veteran's Employment Preference claim over which the trial court did have jurisdiction, we hold
that summary judgment was erroneously granted because King adduced sufficient evidence to
overcome the Department's no-evidence motion for summary judgment. The trial cou