United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-51227
Summary Calendar

_____

ADOLPH R. HERNANDEZ,

Plaintiff-Appellee,

versus

TEXAS DEPARTMENT OF HUMAN SERVICES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA:03-CV-526-FB

_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

I

Adolph Hernandez sued his employer, the Texas Department of Human Services ("TDHS") for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (West 2004) and age and disability discrimination under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.101 et seq. (West 2004). He also sought damages and equitable relief under 42 U.S.C. § 1981a(a)(2)(b) (West 2004).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

TDHS answered Gonzalez' complaint by asserting the affirmative defense of Eleventh Amendment immunity. It then the filed a motion to dismiss the TCHRA claims, arguing that a district court may not exercise supplemental jurisdiction over state law claims without independent subject matter jurisdiction over them.

The district court denied the motion to dismiss because it found federal question jurisdiction over the Title VII claims, and thus could exercise supplemental jurisdiction over the TCHRA claims.[1] TDHS appeals. We have appellate jurisdiction pursuant to the collateral order doctrine, because the appeal involves a claim (and denial) of Eleventh Amendment immunity. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-45 (1993).

## II

The State of Texas has waived its sovereign immunity in state courts for TCHRA violations. King v. Texas Dept. of Human Svcs., ex rel. Bost, 28 S.W.3d 27, 30 (Tex. App. - Austin, 2000).[2] Texas' waiver of sovereign immunity in its own courts, however, is not a waiver of its Eleventh Amendment immunity in federal courts.

---

[1]The district court also dismissed Hernandez' claims under 42 U.S.C. § 1981 and denied TDHS' request that the court order Hernandez to re-plead his Title VII claim. These rulings are not before us on appeal.

[2]See also College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527, U.S. 666, 675-76 (1999) (a State's consent to suit must be unequivocally expressed).

<u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 238 (1985). Indeed, the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court. <u>Pennhurst State Sch. & Hosp. v. Haldermann</u>, 465 U.S. 89, 120 (1984). And the supplemental jurisdiction statute, 28 U.S.C. § 1367 (West 2004), which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity. <u>Raygor v. Regents of the Univ. of Minn.</u>, 534 U.S. 533, 541-42 (2002).[3]

This Court clearly held that the TCHRA does not waive Texas' Eleventh Amendment immunity. <u>Perez v. Region 20 Educ. Serv. Ctr.</u>, 307 F.3d 318, 332 (2002). We now hold, therefore, that the district court is barred from exercising jurisdiction over Hernandez' TCHRA claims; it should have granted the motion to dismiss. Accordingly, the judgment of the district court is

REVERSED, with instructions to dismiss the state law claims.

---

[3]In addition to the numerous Supreme Court rulings, there is nothing in this Court's jurisprudence supporting the proposition that jurisdictional statues overcome a State's Eleventh Amendment immunity.

3