TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-07-00319-CV






Robert Scott, in his official capacity as Commissioner of Education

for the State of Texas, Appellant


v.


Presidio I.S.D., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GV-06-001362, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 Reversing course on rehearing, a majority of this panel now concludes that the
consent requirement in subsection 21.307(a)(2) of the Texas Education Code is a jurisdictional
statutory prerequisite within the meaning of section 311.034 of the Texas Government Code that
requires Presidio to obtain the Commissioner's consent before prosecuting an appeal from the
Commissioner's administrative order in the Travis County District Court. The majority's statutory
construction of subsection 21.307(a)(2) ignores the plain language of the statute, renders other
portions of the education code meaningless, leads to absurd results, and creates opportunities for
gamesmanship. Because I disagree with the majority's interpretation of subsection 21.307(a)(2),
I respectfully dissent.

 For many years, Texas law recognized that statutory prerequisites were mandatory
and jurisdictional. See Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926). Eight years ago, the Texas
Supreme Court overruled this longstanding precedent in favor of a new rule. See Dubai Petroleum
Inc. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000). In Dubai Petroleum Inc. v. Kazi, the supreme court
determined that statutory prerequisites, while mandatory, were no longer jurisdictional. Id. at 76. 
The court rejected the dichotomy between statutory and common-law causes of action established
in Mingus v. Wadley and its progeny on the ground that district courts in Texas were courts of
general jurisdiction. Id. at 75-76; see also Tex. Const. art. V, § 8. Under this rationale, a party's
failure to satisfy a statutory prerequisite did not deprive the district court of jurisdiction to hear
the party's claim but merely determined whether a party "established their right under the statute to
go forward with th[eir] suit." Dubai, 12 S.W.3d at 75-76. The court explained, "'The right of a
plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been
said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to
afford it.'" Id. at 76-77 (quoting 21 C.J.S. Courts § 16 at 23 (1990)).

 While this new rule proved workable in many cases, Dubai effected a sea change in
those areas of law involving suits against governmental entities, especially in administrative law. 
See, e.g., Hill v. Board of Trs. of the Ret. Sys. of Tex., 40 S.W.3d 676, 678-79 (Tex. App.--Austin
2001, no pet.) (holding content of motion for rehearing no longer jurisdictional, but merely
established whether claim had been preserved); Sierra Club v. Texas Natural Res. Conservation
Comm'n, 26 S.W.3d 684, 688 (Tex. App.--Austin 2000) (holding plaintiff's failure to comply with
service requirement was no longer jurisdictional), aff'd, 70 S.W.3d 809 (Tex. 2002); but cf. King
v. Texas Dep't of Human Servs., 28 S.W.3d 27, 31 (Tex. App.--Austin 2000, no pet.) (assuming
without deciding that time limitations in Texas Commission on Human Rights Act are jurisdictional
even after Dubai); see also Tyler Johnson, Do Statutory Prerequisites Affect Jurisdiction to Hear
Administrative Appeals in Texas after Dubai?, 3 Tex. Tech J. Tex. Admin. L. 157 (2002) (discussing
Dubai's effect on administrative appeals in Texas); Elizabeth R. Sterling, After Dubai, Are
Procedural Prerequisites to Judicial Review Still Jurisdictional?, State Bar of Texas: Twelfth
Annual Advanced Administrative Law Course (Oct. 26-27, 2000). One of the primary concerns was
how to reconcile the new rule established by the supreme court in Dubai with the doctrine of
sovereign immunity. See, e.g., King, 28 S.W.3d at 31. This doctrine provides that a party may not
sue the government unless the legislature has clearly and unambiguously consented to suit. Tooke
v. City of Mexia, 197 S.W.3d 325, 331 (Tex. 2006). Moreover, it has long been recognized that a
state may be sued "only in the manner, place, and court or courts designated" by the legislature. 
State v. Isbell, 94 S.W.2d 423, 424 (Tex. 1936). After Dubai, questions arose about how to construe
the many statutory requirements imposed by the legislature when it consented to suit, thereby
waiving its sovereign immunity. See Hill, 40 S.W.3d at 678-79; King, 28 S.W.3d at 31; Sierra Club,
26 S.W.3d at 688.

 Such requirements had long been considered jurisdictional under the rule established
in Mingus. See, e.g., Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 891-92 (Tex. 1986),
abrogated by Dubai Petroleum Inc. v. Kazi, 12 S.W.3d 71 (Tex. 2000). In an effort to resolve the
confusion and restore the Mingus rule for those suits against governmental entities, the legislature,
in 2005, amended section 311.034 of the Code Construction Act to include the following language:

 Statutory prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.


Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at
Tex. Gov't Code Ann. § 311.034 (West Supp. 2007)).

 Thus, we are presented with two questions: (1) is subsection 21.307(a)(2) a statutory 
prerequisite within the meaning of government code section 311.034; and, if the answer to this
question is "yes," then (2) was the school district required to obtain the commissioner's agreement
to file its suit for judicial review in Travis County? The majority now answers both of these
questions in the affirmative. But, even if one assumes for the sake of argument that the answer to
the first question is "yes," (1) I submit that the answer to the second question must still be "no."


Was the school district required to obtain the Commissioner's consent before filing its appeal in
Travis County?

 There is no dispute that section 21.307 clearly and unambiguously waives the state's
sovereign immunity from suit by its express language that "[e]ither party may appeal the
commissioner's decision . . . ." Tex. Educ. Code Ann. § 21.307(a) (West 2006). The dispute turns
on where a party may file an appeal. Subsection 21.307(a)(1) allows a party to file an appeal in "a
district court in the county in which the [school] district's central administrative offices are located."
Id. § 21.307(a)(1). Subsection 21.307(a)(2) allows a party to file an appeal "if agreed by all parties,
[in] a district court in Travis County." Id. § 21.307(a)(2) (emphasis added). It is this clause, "if
agreed by all parties," that has given rise to this appeal.

 The Commissioner urges that this clause "if agreed by all parties" includes the
Commissioner because subsection 21.307(c) requires the Commissioner to be made a party to the
appeal. See id. § 21.307(c). The school district counters that, when read in its proper context, this
clause does not include the Commissioner because the Commissioner would not appeal his own
decision. See id. § 21.307(a) (allowing either party to appeal the Commissioner's decision).

 The majority correctly discerns that this is a matter of statutory construction, which
we review de novo. See Scott v. Presidio Indep. Sch. Dist., No. 03-07-00319-CV, ___ S.W.3d ___,
___, slip op. at 3, supra (Tex. App.--Austin 2008). Beyond that, however, the majority
misconstrues the plain language of the statute and erroneously concludes that Presidio was required
to obtain the Commissioner's consent before filing its suit for judicial review in Travis County.

 In its entirety, subsection 21.307(a) states:


 (a) Either party may appeal the commissioner's decision to:


 (1) a district court in the county in which the district's central
administrative offices are located; or


 (2) if agreed by all parties, a district court in Travis County.


Tex. Educ. Code Ann. § 21.307(a). The plain language of this statute suggests that there are two
possible parties to the administrative proceedings before the Commissioner who may wish to appeal
the Commissioner's decision--the teacher or the school district. (2) Although the statute does not
define the term "party" or "parties," nothing in the plain language of the statute suggests that the
Commissioner would be included in those terms, since the "party" would be appealing the
Commissioner's decision, and the Commissioner presumably would not appeal his own decision. 
When the legislature uses a word in a statute in one sense and with one meaning, and thereafter uses
the same word in describing the same subject matter, it is understood that the latter word is used in
the same sense and with the same meaning as the former. Brown v. Darden, 50 S.W.2d 261, 263
(Tex. 1932); see also Rylander v. Fisher Controls Int'l, Inc., 45 S.W.3d 291, 301 (Tex. App--Austin
2001, no pet.) (rejecting the Comptroller's attempt to give different meanings to the same word in
two statutes on the same subject matter). This rule of statutory construction also applies when the
words or phrases are substantially the same. Brown, 50 S.W.2d at 263. Read in its proper context
with the introductory clause of subsection 21.307(a), the legislature's use of the term "parties" in
subsection 21.307(a)(2) can only refer to those parties authorized to appeal the Commissioner's
decision in the introductory clause of subsection 21.307(a). See id. For this reason, I would
conclude that the plain language of subsection 21.307(a) does not include the Commissioner within
the terms "party" or "parties" and, therefore, Presidio was not required to obtain the Commissioner's
consent before filing its appeal in a Travis County district court.


 This construction is consistent with the remainder of section 21.307 and with
other provisions of the education code. While it is true that subsection 21.307(c) requires the
Commissioner to be made a party to an appeal of his decision, there is nothing in the language of
subsection 21.307(a) or (c) that requires the Commissioner to consent to filing an appeal in Travis
County. The mere fact that subsection (c) requires the Commissioner to be made a party to the
appeal does not suggest that the Commissioner must agree to the venue in which an appeal is filed. 
Indeed, the prohibition against ex parte communications in section 21.306 of the education code
would appear to prohibit such an agreement between the Commissioner and any party who
participated in the administrative proceedings before the Commissioner. See Tex. Educ. Code Ann.
§ 21.306 (West 2006) (prohibiting ex parte communications between the commissioner and his staff
and any party). Although the majority asserts in footnote 4 of its opinion, supra, that the prohibition
against ex parte communications is limited to the context of administrative proceedings before
the Commissioner, nothing in section 21.306 limits the prohibition against ex parte communications
in the manner suggested by the majority. Sections 21.306 and 21.307 are both included in
subchapter G of chapter 21 of the education code. There is nothing in the plain language or structure
of the education code that supports the majority's construction limiting the prohibition against
ex parte communications only to administrative proceedings before the Commissioner. See id.
§§ 21.306-.307. The majority's conclusion that a party is required to obtain the Commissioner's
consent to file an appeal in Travis County would render the prohibition against ex parte
communications in section 21.306 meaningless.


 Likewise, the majority's interpretation of subsection 21.307(a)(2) leads to absurd
results and encourages gamesmanship. The supreme court has cautioned that courts should not
construe a statute in a manner that leads to absurd results when another, more reasonable
interpretation exists. National Plan Adm'rs, Inc. v. National Health Ins. Co., 235 S.W.3d 695, 701
(Tex. 2007); University of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 356 n.20
(Tex. 2004). Yet the majority does just that when it interprets subsection 21.307(a)(2) to require
Presidio to obtain the Commissioner's consent before filing an appeal from the Commissioner's
decision in Travis County. Nothing in the statute suggests a legislative intent to allow the
Commissioner to dictate where an appeal must be filed. See Tex. Educ. Code Ann. § 21.307(a). 
Rather the plain language of the statute leaves that decision to the parties that participated in the
administrative proceedings before the Commissioner. Id.

 As a practical matter, for purposes of venue, the Commissioner--a statewide
official--resides in Travis County, the seat of state government. See Burton v. Rogers, 504 S.W.2d
404, 406 (Tex. 1973); Gulf Coast Bus. Forms, Inc. v. Texas Employment Comm'n, 498 S.W.2d
154, 154 (Tex. 1973) (per curiam). In addition, the Texas Attorney General, who represents the
Commissioner in the appeals brought under section 21.307, also resides in Travis County for
purposes of venue. See Burton, 504 S.W.2d at 406; Gulf Coast Bus. Forms, 498 S.W.2d at 154. As
the arbiter of the decision being appealed, the Commissioner should be indifferent to the venue in
which an appeal is filed. (3) The majority's construction of subsection 21.307(a)(2), however, leads
to the absurd result that the Commissioner, not the parties appealing his decision, can--and
should--dictate the venue of any appeal under section 21.307.

 Having waived sovereign immunity to allow a party to appeal from the
Commissioner's decision, surely it is absurd to conclude that the legislature intended the
Commissioner, and not the appealing parties, to control where that appeal must be taken. The rule
in Texas is that the plaintiff--or the appealing party, in this instance--"gets the first choice of venue
by filing suit." In re Team Rocket, L.P., 256 S.W.3d 257 (Tex. 2008); see also In re Masonite Corp.,
997 S.W.2d 194, 197 (Tex. 1999) (describing Texas venue law). By giving the parties to the
administrative proceedings the right to file suit against the Commissioner to challenge his decision,
the legislature acknowledged this general rule of Texas law and signaled its intent to let those parties,
not the Commissioner, determine venue. The majority ignores this general principle in favor of a
rule that gives the Commissioner authority to dictate where the appeal must be brought.

 The majority's construction also encourages gamesmanship. In this case, the
Commissioner prefers the venue of Presidio County at a distance of almost 500 miles. As the
colloquy between counsel for the Commissioner and the district court below reveals, the
Commissioner does not want to consent to venue in Travis County in this case because "it provides
an opportunity to dismiss . . . [a]nd once it's dismissed, it's too late to bring [an appeal] in another
county." Counsel's stated rationale for this result is that "while the Commissioner might not object
to Travis County, the Commissioner likes to have h[is] decisions stand." Thus, the Commissioner
concedes that, at least in this case, he has ulterior motives for denying his consent to bring an appeal
in Travis County. Having waived sovereign immunity to allow appeals from the Commissioner's
decisions, it is unreasonable to conclude that the legislature intended for the Commissioner to
deprive a party from bringing an appeal simply by denying his consent to a particular venue.

 A more reasonable construction of the statute would be that the legislature
never intended to require an appealing party to obtain the Commissioner's consent. A more
reasonable construction of the statute would allow the choice of where to file an appeal to be made
by those parties appealing the Commissioner's decision, not the Commissioner. Because the
majority adopts what I believe to be an unreasonable and unworkable construction of the statute,
I respectfully dissent.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: August 28, 2008
1. For purposes of this dissent, I assume without deciding that education code
subsection 21.307(a)(2) is a statutory prerequisite within the meaning of government code section
311.034. Nevertheless, in light of the fundamental rule that parties cannot confer subject-matter
jurisdiction by consent or agreement, see, e.g., Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App.
1995); Moore v. Blagge, 38 S.W. 979, 984 (Tex. 1897), it is possible that it is not.
2. It is conceivable that there might be more than two parties in the administrative
proceedings before the Commissioner. In some circumstances, there may be more than one teacher
who was subject to disciplinary proceedings before the school district and participated in an appeal
to the Commissioner.
3. Counsel for the Commissioner conceded as much when counsel agreed with the district
court that the Commissioner "would virtually always agree to venue in Travis County."