# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00319-CV

**Robert Scott, in his official capacity as Commissioner of Education for the State of Texas, Appellant**

**v.**

**Presidio I.S.D., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GV-06-001362, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Reversing course on rehearing, a majority of this panel now concludes that the consent requirement in subsection 21.307(a)(2) of the Texas Education Code is a jurisdictional statutory prerequisite within the meaning of section 311.034 of the Texas Government Code that requires Presidio to obtain the Commissioner's consent before prosecuting an appeal from the Commissioner's administrative order in the Travis County District Court. The majority's statutory construction of subsection 21.307(a)(2) ignores the plain language of the statute, renders other portions of the education code meaningless, leads to absurd results, and creates opportunities for gamesmanship. Because I disagree with the majority's interpretation of subsection 21.307(a)(2), I respectfully dissent.

For many years, Texas law recognized that statutory prerequisites were mandatory and jurisdictional. *See Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926). Eight years ago, the Texas Supreme Court overruled this longstanding precedent in favor of a new rule. *See Dubai Petroleum Inc. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). In *Dubai Petroleum Inc. v. Kazi*, the supreme court determined that statutory prerequisites, while mandatory, were no longer jurisdictional. *Id.* at 76. The court rejected the dichotomy between statutory and common-law causes of action established in *Mingus v. Wadley* and its progeny on the ground that district courts in Texas were courts of general jurisdiction. *Id.* at 75-76; *see also* Tex. Const. art. V, § 8. Under this rationale, a party's failure to satisfy a statutory prerequisite did not deprive the district court of jurisdiction to hear the party's claim but merely determined whether a party "established their right under the statute to go forward with th[eir] suit." *Dubai*, 12 S.W.3d at 75-76. The court explained, "'The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'" *Id.* at 76-77 (quoting 21 C.J.S. *Courts* § 16 at 23 (1990)).

While this new rule proved workable in many cases, *Dubai* effected a sea change in those areas of law involving suits against governmental entities, especially in administrative law. *See, e.g.*, *Hill v. Board of Trs. of the Ret. Sys. of Tex.*, 40 S.W.3d 676, 678-79 (Tex. App.—Austin 2001, no pet.) (holding content of motion for rehearing no longer jurisdictional, but merely established whether claim had been preserved); *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000) (holding plaintiff's failure to comply with service requirement was no longer jurisdictional), *aff'd*, 70 S.W.3d 809 (Tex. 2002); *but cf. King*

*v. Texas Dep't of Human Servs.*, 28 S.W.3d 27, 31 (Tex. App.—Austin 2000, no pet.) (assuming without deciding that time limitations in Texas Commission on Human Rights Act are jurisdictional even after *Dubai*); *see also* Tyler Johnson, *Do Statutory Prerequisites Affect Jurisdiction to Hear Administrative Appeals in Texas after* Dubai*?*, 3 Tex. Tech J. Tex. Admin. L. 157 (2002) (discussing *Dubai*'s effect on administrative appeals in Texas); Elizabeth R. Sterling, *After* Dubai*, Are Procedural Prerequisites to Judicial Review Still Jurisdictional?*, State Bar of Texas: Twelfth Annual Advanced Administrative Law Course (Oct. 26-27, 2000). One of the primary concerns was how to reconcile the new rule established by the supreme court in *Dubai* with the doctrine of sovereign immunity. *See, e.g.*, *King*, 28 S.W.3d at 31. This doctrine provides that a party may not sue the government unless the legislature has clearly and unambiguously consented to suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006). Moreover, it has long been recognized that a state may be sued "only in the manner, place, and court or courts designated" by the legislature. *State v. Isbell*, 94 S.W.2d 423, 424 (Tex. 1936). After *Dubai*, questions arose about how to construe the many statutory requirements imposed by the legislature when it consented to suit, thereby waiving its sovereign immunity. *See Hill*, 40 S.W.3d at 678-79; *King*, 28 S.W.3d at 31; *Sierra Club*, 26 S.W.3d at 688.

Such requirements had long been considered jurisdictional under the rule established in *Mingus*. *See, e.g.*, *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891-92 (Tex. 1986), *abrogated by Dubai Petroleum Inc. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). In an effort to resolve the confusion and restore the *Mingus* rule for those suits against governmental entities, the legislature, in 2005, amended section 311.034 of the Code Construction Act to include the following language:

3

Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at Tex. Gov't Code Ann. § 311.034 (West Supp. 2007)).

Thus, we are presented with two questions: (1) is subsection 21.307(a)(2) a statutory prerequisite within the meaning of government code section 311.034; and, if the answer to this question is "yes," then (2) was the school district required to obtain the commissioner's agreement to file its suit for judicial review in Travis County? The majority now answers both of these questions in the affirmative. But, even if one assumes for the sake of argument that the answer to the first question is "yes,"[1] I submit that the answer to the second question must still be "no."

### Was the school district required to obtain the Commissioner's consent before filing its appeal in Travis County?

There is no dispute that section 21.307 clearly and unambiguously waives the state's sovereign immunity from suit by its express language that "[e]ither party may appeal the commissioner's decision . . . ." Tex. Educ. Code Ann. § 21.307(a) (West 2006). The dispute turns on *where* a party may file an appeal. Subsection 21.307(a)(1) allows a party to file an appeal in "a district court in the county in which the [school] district's central administrative offices are located." *Id.* § 21.307(a)(1). Subsection 21.307(a)(2) allows a party to file an appeal "*if agreed by all parties,*

---

[1] For purposes of this dissent, I assume without deciding that education code subsection 21.307(a)(2) is a statutory prerequisite within the meaning of government code section 311.034. Nevertheless, in light of the fundamental rule that parties cannot confer subject-matter jurisdiction by consent or agreement, *see, e.g.*, *Stine v. State*, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995); *Moore v. Blagge*, 38 S.W. 979, 984 (Tex. 1897), it is possible that it is not.

4

[in] a district court in Travis County." *Id.* § 21.307(a)(2) (emphasis added). It is this clause, "if agreed by all parties," that has given rise to this appeal.

The Commissioner urges that this clause "if agreed by all parties" includes the Commissioner because subsection 21.307(c) requires the Commissioner to be made a party to the appeal. *See id.* § 21.307(c). The school district counters that, when read in its proper context, this clause does not include the Commissioner because the Commissioner would not appeal his own decision. *See id.* § 21.307(a) (allowing either party to appeal the Commissioner's decision).

The majority correctly discerns that this is a matter of statutory construction, which we review de novo. *See Scott v. Presidio Indep. Sch. Dist.*, No. 03-07-00319-CV, ___ S.W.3d ___, ___, slip op. at 3, *supra* (Tex. App.—Austin 2008). Beyond that, however, the majority misconstrues the plain language of the statute and erroneously concludes that Presidio was required to obtain the Commissioner's consent before filing its suit for judicial review in Travis County.

In its entirety, subsection 21.307(a) states:

(a)     Either party may appeal the commissioner's decision to:

(1)     a district court in the county in which the district's central administrative offices are located; or

(2)     if agreed by all parties, a district court in Travis County.

Tex. Educ. Code Ann. § 21.307(a). The plain language of this statute suggests that there are two possible parties to the administrative proceedings before the Commissioner who may wish to appeal

5

the Commissioner's decision—the teacher or the school district.[2]  Although the statute does not define the term "party" or "parties," nothing in the plain language of the statute suggests that the Commissioner would be included in those terms, since the "party" would be appealing the Commissioner's decision, and the Commissioner presumably would not appeal his own decision. When the legislature uses a word in a statute in one sense and with one meaning, and thereafter uses the same word in describing the same subject matter, it is understood that the latter word is used in the same sense and with the same meaning as the former.  *Brown v. Darden*, 50 S.W.2d 261, 263 (Tex. 1932); *see also Rylander v. Fisher Controls Int'l, Inc.*, 45 S.W.3d 291, 301 (Tex. App—Austin 2001, no pet.) (rejecting the Comptroller's attempt to give different meanings to the same word in two statutes on the same subject matter).  This rule of statutory construction also applies when the words or phrases are substantially the same.  *Brown*, 50 S.W.2d at 263.  Read in its proper context with the introductory clause of subsection 21.307(a), the legislature's use of the term "parties" in subsection 21.307(a)(2) can only refer to those parties authorized to appeal the Commissioner's decision in the introductory clause of subsection 21.307(a).  *See id.*  For this reason, I would conclude that the plain language of subsection 21.307(a) does not include the Commissioner within the terms "party" or "parties" and, therefore, Presidio was not required to obtain the Commissioner's consent before filing its appeal in a Travis County district court.

---

[2]  It is conceivable that there might be more than two parties in the administrative proceedings before the Commissioner.  In some circumstances, there may be more than one teacher who was subject to disciplinary proceedings before the school district and participated in an appeal to the Commissioner.

6

This construction is consistent with the remainder of section 21.307 and with other provisions of the education code. While it is true that subsection 21.307(c) requires the Commissioner to be made a party to an appeal of his decision, there is nothing in the language of subsection 21.307(a) or (c) that requires the Commissioner to consent to filing an appeal in Travis County. The mere fact that subsection (c) requires the Commissioner to be made a party to the appeal does not suggest that the Commissioner must agree to the venue in which an appeal is filed. Indeed, the prohibition against ex parte communications in section 21.306 of the education code would appear to prohibit such an agreement between the Commissioner and any party who participated in the administrative proceedings before the Commissioner. *See* Tex. Educ. Code Ann. § 21.306 (West 2006) (prohibiting ex parte communications between the commissioner and his staff and any party). Although the majority asserts in footnote 4 of its opinion, *supra*, that the prohibition against ex parte communications is limited to the context of administrative proceedings before the Commissioner, nothing in section 21.306 limits the prohibition against ex parte communications in the manner suggested by the majority. Sections 21.306 and 21.307 are both included in subchapter G of chapter 21 of the education code. There is nothing in the plain language or structure of the education code that supports the majority's construction limiting the prohibition against ex parte communications only to administrative proceedings before the Commissioner. *See id.* §§ 21.306-.307. The majority's conclusion that a party is required to obtain the Commissioner's consent to file an appeal in Travis County would render the prohibition against ex parte communications in section 21.306 meaningless.

Likewise, the majority's interpretation of subsection 21.307(a)(2) leads to absurd results and encourages gamesmanship. The supreme court has cautioned that courts should not construe a statute in a manner that leads to absurd results when another, more reasonable interpretation exists. *National Plan Adm'rs, Inc. v. National Health Ins. Co.*, 235 S.W.3d 695, 701 (Tex. 2007); *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 n.20 (Tex. 2004). Yet the majority does just that when it interprets subsection 21.307(a)(2) to require Presidio to obtain the Commissioner's consent before filing an appeal from the Commissioner's decision in Travis County. Nothing in the statute suggests a legislative intent to allow the Commissioner to dictate where an appeal must be filed. *See* Tex. Educ. Code Ann. § 21.307(a). Rather the plain language of the statute leaves that decision to the parties that participated in the administrative proceedings before the Commissioner. *Id.*

As a practical matter, for purposes of venue, the Commissioner—a statewide official—resides in Travis County, the seat of state government. *See Burton v. Rogers*, 504 S.W.2d 404, 406 (Tex. 1973); *Gulf Coast Bus. Forms, Inc. v. Texas Employment Comm'n*, 498 S.W.2d 154, 154 (Tex. 1973) (per curiam). In addition, the Texas Attorney General, who represents the Commissioner in the appeals brought under section 21.307, also resides in Travis County for purposes of venue. *See Burton*, 504 S.W.2d at 406; *Gulf Coast Bus. Forms*, 498 S.W.2d at 154. As the arbiter of the decision being appealed, the Commissioner should be indifferent to the venue in which an appeal is filed.[3] The majority's construction of subsection 21.307(a)(2), however, leads

---

[3] Counsel for the Commissioner conceded as much when counsel agreed with the district court that the Commissioner "would virtually always agree to venue in Travis County."

to the absurd result that the Commissioner, not the parties appealing his decision, can—and should—dictate the venue of any appeal under section 21.307.

Having waived sovereign immunity to allow a party to appeal from the Commissioner's decision, surely it is absurd to conclude that the legislature intended the Commissioner, and not the appealing parties, to control where that appeal must be taken. The rule in Texas is that the plaintiff—or the appealing party, in this instance—"gets the first choice of venue by filing suit." *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008); *see also In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (describing Texas venue law). By giving the parties to the administrative proceedings the right to file suit against the Commissioner to challenge his decision, the legislature acknowledged this general rule of Texas law and signaled its intent to let those parties, not the Commissioner, determine venue. The majority ignores this general principle in favor of a rule that gives the Commissioner authority to dictate where the appeal must be brought.

The majority's construction also encourages gamesmanship. In this case, the Commissioner prefers the venue of Presidio County at a distance of almost 500 miles. As the colloquy between counsel for the Commissioner and the district court below reveals, the Commissioner does not want to consent to venue in Travis County in this case because "it provides an opportunity to dismiss . . . [a]nd once it's dismissed, it's too late to bring [an appeal] in another county." Counsel's stated rationale for this result is that "while the Commissioner might not object to Travis County, the Commissioner likes to have h[is] decisions stand." Thus, the Commissioner concedes that, at least in this case, he has ulterior motives for denying his consent to bring an appeal in Travis County. Having waived sovereign immunity to allow appeals from the Commissioner's

9

decisions, it is unreasonable to conclude that the legislature intended for the Commissioner to deprive a party from bringing an appeal simply by denying his consent to a particular venue.

A more reasonable construction of the statute would be that the legislature never intended to require an appealing party to obtain the Commissioner's consent. A more reasonable construction of the statute would allow the choice of where to file an appeal to be made by those parties appealing the Commissioner's decision, not the Commissioner. Because the majority adopts what I believe to be an unreasonable and unworkable construction of the statute, I respectfully dissent.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   August 28, 2008

10