TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

 

 



NO.
03-10-00677-CV



 

 

TJFA, L.P., Appellant

 

v.

 

Texas Commission on Environmental Quality and

BFI Waste Systems of North America, Inc.,
Appellee

 

 



FROM THE DISTRICT COURT OF TRAVIS
COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-09-004062, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 

 

C
O N C U R R I N G   O P I N I O N

 

 








I join in the majority=s
opinion, but write separately to emphasize our deference to the Texas
Supreme Court=s
expressly stated Areluctan[ce]
to conclude that a provision is jurisdictional, absent clear legislative intent
to that effect,@[1]
which furthers its policy A>to reduce the vulnerability of final
judgments to attack on the ground that the tribunal lacked subject matter
jurisdiction.=@[2]  I can think of few greater threats to
the finality of a judgment than to deem post-filing service-of-citation
requirements as jurisdictional.  And
given the Legislature=s
use of the word Aprerequisites@ rather than the general word Arequirements@
in section 311.034 of the Code Construction Act,[3]
I see no Aclear
legislative intent@ to deem
section 361.321(c)=s
post-filing requirement for service of citation a jurisdictional prerequisite
to suit.[4]


Accordingly, I respectfully concur in the
opinion and the judgment.

 

 

__________________________________________

Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson,
Rose and Goodwin.

Filed:   May 4, 2012

 











[1]  City of DeSoto v. White, 288 S.W.3d
389, 393 (Tex. 2009) (citing Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71,
76 (Tex. 2000) and applying Dubai=s
principles to an administrative appeal); see 2 Beal, Texas
Administrative Practice and Procedure ' 11.2.1[a]
(2011) (discussing if and how supreme court would apply Dubai to
administrative appeals).





[2]  Dubai, 12 S.W.3d at 76 (quoting
Restatement (Second) of Judgments ' 11
cmt. e, at 113 (1982)).





[3]  See Tex. Gov=t
Code Ann. ' 311.034
(West 2010) (providing that Astatutory
prerequisites to suit . . . are jurisdictional requirements in all suits
against a governmental entity@);
Roccaforte v. Jefferson Cnty., 341 S.W.3d 919, 925 (Tex. 2010) (ASection 311.034 applies to prerequisites
to suit, not notice requirements that can be satisfied only after suit
is filed.@)
(emphasis in original); see also Scott v. Presidio Indep. Sch. Dist.,
266 S.W.3d 531, 535 (Tex. App.CAustin
2008) (op. on reh=g) (AA >statutory
prerequisite to a suit . . . against a governmental entity= refers to a step or condition that
must be satisfied before the suit against the state can be filed.@), rev=d
on other grounds, 309 S.W.3d 927 (Tex. 2010).





[4]  See Tex. Health & Safety Code Ann.
' 361.321(c) (West 2010) (requiring
service of citation within 30 day s of filing petition for judicial review
of TCEQ decision); City of Desoto, 288 S.W.3d at 394 (noting that our Afocus is to >avoid
a result that leaves the decisions and judgments of [a tribunal] in limbo and
subject to future attack, unless that was the Legislature=s clear intent@)
(citing Igal v. Brightstar Info. Tech. Grp., Inc., 250 S.W.3d 78, 84
(Tex. 2008)).