# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00677-CV

**TJFA, L.P., Appellant**

**v.**

**Texas Commission on Environmental Quality and
BFI Waste Systems of North America, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-09-004062, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I join in the majority's opinion, but write separately to emphasize our deference to the Texas Supreme Court's expressly stated "reluctan[ce] to conclude that a provision is jurisdictional, absent clear legislative intent to that effect,"[1] which furthers its policy "'to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.'"[2] I can think of few greater threats to the finality of a judgment than to deem post-filing service-of-citation requirements as jurisdictional. And given the Legislature's use of the word "prerequisites"

---

[1] *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) and applying *Dubai*'s principles to an administrative appeal); *see* 2 Beal, *Texas Administrative Practice and Procedure* § 11.2.1[a] (2011) (discussing if and how supreme court would apply *Dubai* to administrative appeals).

[2] *Dubai*, 12 S.W.3d at 76 (quoting Restatement (Second) of Judgments § 11 cmt. e, at 113 (1982)).

rather than the general word "requirements" in section 311.034 of the Code Construction Act,[3] I see no "clear legislative intent" to deem section 361.321(c)'s post-filing requirement for service of citation a jurisdictional prerequisite to suit.[4]

Accordingly, I respectfully concur in the opinion and the judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose and Goodwin.

Filed: May 4, 2012

---

[3] *See* Tex. Gov't Code Ann. § 311.034 (West 2010) (providing that "statutory prerequisites to suit . . . are jurisdictional requirements in all suits against a governmental entity"); *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 925 (Tex. 2010) ("Section 311.034 applies to *prerequisites* to suit, not notice requirements that can be satisfied only *after* suit is filed.") (emphasis in original); *see also Scott v. Presidio Indep. Sch. Dist.*, 266 S.W.3d 531, 535 (Tex. App.—Austin 2008) (op. on reh'g) ("A 'statutory prerequisite to a suit . . . against a governmental entity' refers to a step or condition that must be satisfied before the suit against the state can be filed."), *rev'd on other grounds*, 309 S.W.3d 927 (Tex. 2010).

[4] *See* Tex. Health & Safety Code Ann. § 361.321(c) (West 2010) (requiring service of citation within 30 day s of filing petition for judicial review of TCEQ decision); *City of Desoto*, 288 S.W.3d at 394 (noting that our "focus is to 'avoid a result that leaves the decisions and judgments of [a tribunal] in limbo and subject to future attack, unless that was the Legislature's clear intent") (citing *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 84 (Tex. 2008)).