ACCEPTED
03-14-00644-CV
4794406
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 3:38:41 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00644-CV

_____

**IN THE COURT OF APPEALS**
**THIRD DISTRICT OF TEXAS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 3:38:41 PM
JEFFREY D. KYLE
Clerk

_____

**JOSE A. PEREZ,**
*Appellant*,

**v.**

**TEXAS MEDICAL BOARD,** *et al.*,
*Appellees*.

_____

**On Appeal from the 53rd Judicial District Court of Travis County, Texas**
**No. D-1-GN-14-001172**

_____

**APPELLEES' BRIEF IN RESPONSE**
**TO APPELLANT'S AMENDED BRIEF**

_____

**KEN PAXTON**
**Attorney General of Texas**

**CHARLES E. ROY**
**First Assistant Attorney General**

**JAMES E. DAVIS**
**Deputy Attorney General for**
**Civil Litigation**

**DAVID A. TALBOT, JR.**
**Chief, Administrative Law Division**

**TED A. ROSS**
**Assistant Attorney General**
**State Bar No. 24008890**
**OFFICE OF THE TEXAS ATTORNEY**
**GENERAL**
**ADMINISTRATIVE LAW DIVISION**
**P.O. Box 12548**
**Austin, Texas 78711-2548**
**Telephone: (512) 475-4191**
**Facsimile: (512) 457-4674**
**Email: ted.ross@texasattorneygeneral.gov**
*Attorneys for Texas Medical Board and*
*Mari Robinson*

**ORAL ARGUMENT NOT REQUESTED** April 7, 2015

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ ii

INDEX OF AUTHORITIES............................................................................... iii

RECORD AND PARTY REFERENCES ...............................................................v

ARGUMENT ......................................................................................................2

    I.      INTRODUCTION.......................................................................2

    II.    WHETHER OR NOT THE TMB IS "THE REAL PARTY IN
          INTEREST" IS IMMATERIAL. ...........................................3

    III.   PEREZ'S (NEW) SOVEREIGN IMMUNITY ARGUMENT
          LACKS MERIT. ......................................................................5

    IV.   PEREZ'S (NEW) RULE CHALLENGE ARGUMENT IS NOT
          AT ISSUE IN THIS APPEAL. .................................................6

    V.    PEREZ'S (NEW) EXCLUSIVE JURISDICITON ARGUMENT
          LACKS MERIT. ......................................................................7

    VI.   DISMISSAL WITH PREJUDICE WAS PROPER. ...........................8

    VII.  PEREZ'S "LEAVE TO AMEND" ARGUMENT LACKS MERIT....8

CONCLUSION AND PRAYER ...........................................................................9

CERTIFICATE OF COMPLIANCE...................................................................10

CERTIFICATE OF SERVICE .........................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Gutierrez v. Laredo Indep. School Dist.*, 139 S.W.3d 363 (Tex. App.—
 San Antonio 2004, no pet.)................................................................7

*Lower Laguna Madre Found., Inc. v. Tex. Nat. Res. Conservation Comm'n*,
 4 S.W.3d 419 (Tex. App.—Austin 1999, no pet.)...........................7

*Presidio Indep. School Dist. v. Scott*, 309 S.W.3d 927 (Tex. 2010) ........................5

*R.R. Comm'n of Tex. v. ARCO Oil & Gas Co.* 876 S.W.2d 473
 (Tex. App.—Austin 1994, writ denied).........................................7

*Scally v. Tex. State Bd. of Med. Examn'rs*, 351 S.W.3d 434
 (Tex. App.—Austin 2011, pet. denied) .........................................6

*Scott v. Presidio I.S.D.*, 266 S.W.3d 531 (Tex. App.—Austin 2008,
 pet. granted) ....................................................................................5

*Tex. Dep't of Ins. v. Reconveyance Servs. Inc.*, 306 S.W.3d 259 (Tex. 2010).........9

*Tex. Educ. Agency v. Cypress-Fairbanks I.S.D.*, 830 S.W.2d 88 (Tex. 1992)..........7

*Wilmer-Hutchins Indep. School Dist. v. Sullivan*, 51 S.W.3d 293 (Tex. 2001) ........3

**Statutes**

Tex. Occ. Code § 164.007(c) ...........................................................................6

Tex. Occ. Code § 204.101 ...............................................................................3

Tex. Occ. Code § 204.106 ...............................................................................4

Tex. Occ. Code §§ 204.151-.157 .....................................................................3

Tex. Occ. Code §§ 204.201-3209 .....................................................................3

Tex. Occ. Code §§ 204.251-.255 ........................................................................4

Tex. Occ. Code §§ 204.301-.318 ........................................................................4

Tex. Occ. Code §§ 204.351-.353 ........................................................................4

Tex. Occ. Code §§ 204.001-.353 ........................................................................3

Tex. Occ. Code §§ 205.001-.458 ........................................................................4

Tex. Occ. Code § 205.102 ........................................................................4

# RECORD AND PARTY REFERENCES

References to the clerk's record will be "CR ____."

References to the supplemental clerk's record will be "Supp. CR ____."

Appellees, the Texas Medical Board and Mari Robinson, will be collectively referred to as the "TMB" unless otherwise specified.

Appellant, Jose A. Perez, will be referred to as "Perez."

_____

**IN THE COURT OF APPEALS**
**THIRD DISTRICT OF TEXAS**
**AUSTIN, TEXAS**

_____

**JOSE A. PEREZ,**
*Appellant*,
**v.**

**TEXAS MEDICAL BOARD,** *et al.*,
*Appellees*.

_____

**On Appeal from the 53rd Judicial District Court of Travis County, Texas**
**No. D-1-GN-14-001172**

_____

**APPELLEES' BRIEF IN RESPONSE**
**TO APPELLANT'S AMENDED BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellees, the Texas Medical Board and Mari Robinson, (collectively "TMB"), by and through the Office of the Attorney General of Texas and the undersigned Assistant Attorney General, submits the following brief in response to Appellant's Amended Brief filed on March 9, 2015.

1

## ARGUMENT

## I.    INTRODUCTION.

Perez sought leave to file an amended brief because he claimed that he was prejudiced by the TMB's filing of a supplemental clerk's record after his initial brief was filed.  *See* Perez "Amended Motion to Abate and Amend Appellate Brief."

The supplemental clerk's record contained the following documents: (1) Perez's original petition; (2) the TMB's Plea to the Jurisdiction, Original Answer and General Denial, and Affirmative Defenses, filed on May 23, 2014; (3) the TMB's First Amended Plea to the Jurisdiction, filed on August 8, 2014; (4) the TMB's brief in support of its First Amended Plea to the Jurisdiction, filed on August 13, 2014; and (5) designation of clerk's record, court docket record, court cost record and clerk's record page.   Suppl. CR 2.   The primary purpose of filing the supplemental record was to ensure that the TMB order from which Perez appealed to the district court was before the Court.  Suppl. CR 70.  There is nothing in the supplemental clerk's record which raises any new factual or legal issues in this appeal.  Perez was served with all of the pleadings in the supplemental record on the date they were filed.  That includes the TMB order revoking his license.  However instead of addressing any new issues raised by the material in the supplemental clerk's record (of which there are none), Perez's amended brief contains new

2

arguments that he could have raised in his original brief. In any event, those arguments will be briefly addressed below.

## II. WHETHER OR NOT THE TMB IS "THE REAL PARTY IN INTEREST" IS IMMATERIAL.

In his supplement brief, Perez claims that he sued the correct "real party in interest" (the TMB) because the "TMB has admitted to having the responsibility to regulate physician assistants and the (Texas Physician Assistant Board) PAB." Amended Br. at 25-26. In support, he cites to selected pages from the TMB's "Agency Strategic Plan" for Fiscal Years 2009-2013. Perez's selected quotations from that document are irrelevant to whether or not the district court had subject matter jurisdiction; it is well-settled law that parties to a suit cannot confer jurisdiction where none exists. *Wilmer-Hutchins Indep. School Dist. v. Sullivan*, 51 S.W.3d 293, 295-96 (Tex. 2001). Nothing can change the fact that the licensing and discipline of physician assistants is under an entirely different statutory scheme than that of the Medical Practice Act. *See* Texas Physician Assistant Licensing Act ("PALA"), Tex. Occ. Code §§ 204.001-.353. *See also, e.g.,* Tex. Occ. Code § 204.101 (powers and duties of the PAB); § 204.151-.157 (PAB exclusively responsible for issuing licenses to physician assistants); § 204.201-3209 (PAB exclusively responsible for regulating the practices of licenses physician assistants); § 204.251-.255 (PAB exclusively responsible for complaints and investigations

3

related to licensed physician assistants); §§ 204.301-.318; .351-.353 (PAB exclusively responsible for the discipline of licensed physician assistants).

In addition, the PALA requires the physician assistant board to "develop and implement policies (subject to the advice and approval of the TMB) that clearly separate the policy-making responsibilities of the physician assistant board and the management responsibilities of the executive director and the staff of the medical board." Tex. Occ. Code § 204.106. This is further evidence that the legislature, in adopting both licensing acts, intended the two boards to have separate jurisdictional responsibilities.

To follow Perez's argument to its logical conclusion would mean that the district court would have had jurisdiction even if Perez had sued, say, the Texas State Board of Acupuncture Examiners (which obviously has nothing to do with the licensing or discipline of physician assistants). The acupuncture licensing act, like the PALA, has the same requirement regarding separating the policy-making responsibilities of the acupuncture board and the TMB. Tex. Occ. Code § 205.102. Moreover, acupuncturists are licensed and disciplined under separate statutory schemes. *See* Tex. Occ. Code §§ 205.001-.458.

Perez goes on in his amended brief to claim that *the TMB* "must prove that the Texas Legislature has <u>clearly</u> indicated that failure to sue the . . . PAB is jurisdictional." Perez Am. Br. at 41 (emphasis original). The TMB has in fact

established that Perez's failure to sue the PAB is in fact a statutory prerequisite to suit.

Perez's reliance on *Scott v. Presidio I.S.D.*, 266 S.W.3d 531 (Tex. App.— Austin 2008, pet. granted) is misplaced.[1] The court in that case simply re-stated the well-settled principle that a statutory prerequisite to suit affecting *only venue* is not jurisdictional. 266 S.W.3d at 535-36.

The bottom line is that the separate statutory schemes delineating the powers and responsibilities of the TMB and PAB are clearly indicative of the fact that a failure to sue the correct entity in a suit for judicial review is indeed jurisdictional.[2]

## III. PEREZ'S (NEW) SOVEREIGN IMMUNITY ARGUMENT LACKS MERIT.

In his amended brief, Perez argues several constitutional issues. *See* Amended Br. at 26-32; 52-54. As discussed in the TMB's original brief, Perez's constitutional claims are part of the statutory prerequisites for judicial review. Therefore, because the district court lacked subject matter jurisdiction over his suit for judicial review

---

[1] *Presidio* was reversed on other grounds. *Presidio Indep. School Dist. v. Scott*, 309 S.W.3d 927 (Tex. 2010).

[2] Perez's misplaced reliance on *Sierra Club* is discussed in the TMB's initial brief at 10-11. *See* Perez Am. Br. at 42.

because he sued the wrong statutory entity, the court lacked jurisdiction over the constitutional claims as well. *See* TMB Br. at 11-13.[3]

## IV. PEREZ'S (NEW) RULE CHALLENGE ARGUMENT IS NOT AT ISSUE IN THIS APPEAL.

Section III of Perez's amended brief begins with a purported rule challenge under the Texas Administrative Procedure Act ("APA"). *See, e.g.,* Perez Amended Br. at 39. Perez did not plead an APA rule challenge in his petition for judicial review. Suppl. CR 3-51. The validity of any TMB rule is therefore not an issue in this appeal.

Equally irrelevant to this appeal is Perez's claim that he was deprived of due process because § 164.007(c) of the Medical Practice Act (which doesn't even apply) prevents him from confronting or cross-examining adverse witnesses. Perez Am. Br. at 36-37. However, he in fact waived his right to confront and cross-examine witness in a contested case proceeding by steadfastly refusing to participate in the entire disciplinary process, despite having received all notices required by law. Suppl. CR 70, ¶ 3; 71, ¶ 8.

---

[3] Perez seems to assert a claim that "common law," and not the PALA, governs his license. *See, e.g.,* Perez Amended Br. at 27-28. That is obviously not true. The PALA was enacted pursuant to "the state's power to impose conditions upon the granting or revocation of the license for the protection of society." *Scally v. Tex. State Bd. of Med. Examn'rs*, 351 S.W.3d 434, 446 (Tex. App.—Austin 2011, pet. denied). The constitutionality of the act has never been in question.

## V. PEREZ'S (NEW) EXCLUSIVE JURISDICITON ARGUMENT LACKS MERIT.

Perez's argument that that the doctrine of exclusive jurisdiction does not apply where constitutional claims have been asserted, or where the agency has already made a final decision, is also meritless. Perez Br. at 43. The *Gutierrez* case he cites held that an aggrieved party is not required to exhaust administrative remedies where the Commissioner of Education lacks jurisdiction. *Gutierrez v. Laredo Indep. School Dist.*, 139 S.W.3d 363, 366 (Tex. App.—San Antonio 2004, no pet.), citing *Tex. Educ. Agency v. Cypress-Fairbanks I.S.D.*, 830 S.W.2d 88, 90-91 (Tex. 1992). That is not the issue in this appeal. Perez cannot dispute the fact that the PAB had exclusive jurisdiction over his disciplinary proceeding in the first instance, and it was that agency that issued the default order which is the subject of this case. *Gutierrez* is therefore distinguishable.

Equally irrelevant is the primary jurisdiction doctrine discussed in *R.R. Comm'n of Tex. v. ARCO Oil & Gas Co.* 876 S.W.2d 473 (Tex. App.—Austin 1994, writ denied). It again cannot be disputed that the PAB had both exclusive *and primary* jurisdiction over Perez's administrative proceeding.[4]

---

[4] The *ARCO* case in fact involved the reasoned justification doctrine as it applies to APA rule challenges, and the case was later superseded by statute. *See Lower Laguna Madre Found., Inc. v. Tex. Nat. Res. Conservation Comm'n*, 4 S.W.3d 419, 425 (Tex. App.—Austin 1999, no pet.).

Perez's argument also ignores the fact that constitutional claims are part of the statutory prerequisites for judicial review. The fact that he failed to sue the proper entity—itself a statutory prerequisite—precludes all of his constitutional claims. *See* TMB Br. at 11-13.

## VI. DISMISSAL WITH PREJUDICE WAS PROPER.

Perez's claim that the dismissal of his suit should have been without prejudice is premised on the mistaken assumption that his failure to sue the PAB was a defect of parties and not jurisdictional. This argument is incorrect for the reasons discussed above and in the TMB's initial brief. *See* TMB Br. at 6-11.

## VII. PEREZ'S "LEAVE TO AMEND" ARGUMENT LACKS MERIT.

Perez claims that he should have been granted leave to amend to add Mari Robinson in her official capacity as a party defendant. Perez Am. Br. at 50-51. He in fact did name her as a party in his original petition. Suppl. CR 3. Yet, he did not allege any ultra vires actions on her part and he did not seek leave to amend in the district court. *Id.* at 3-51. *See also* TMB Br. at 15-17. Ultra vires claims are barred when a court lacks subject matter jurisdiction in a suit where the plaintiff only sues a governmental entity and does not sue an official in his or her official capacity. *See*

*Tex. Dep't of Ins. v. Reconveyance Servs. Inc.*, 306 S.W.3d 259-60 (Tex. 2010). The dismissal with prejudice was therefore proper.[5]

## CONCLUSION AND PRAYER

For the foregoing reasons and as discussed in its original brief, the TMB respectfully requests that this Court affirm the district court's final judgment granting TMB's Plea to the Jurisdiction.

Dated: April 7, 2015.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

---

[5] Perez's argument that he should have been granted leave to amend to assert jurisdictional facts under federal law are equally baseless. Perez Am. Br. at 57-60. Whether or not constitutional claims may be raised for the first time on appeal of a federal district court case has nothing to do with satisfying jurisdictional prerequisites to suit under the APA and Texas jurisprudence.

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
Email: ted.ross@texasattorneygeneral.gov
*Attorneys for Appellees Texas Medical Board and Mari Robinson*

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 1,727 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **7th day of April 2015:**

Jose A. Perez, *pro se*                     ***Via: Electronic Mail and***
34 Candle Pine Place                     ***CMRRR #7007 0220 0000 5721 3952***
The Woodlands, Texas 77381
Email: theaesculapius@gmail.com

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General